UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tia Akeme, : | |
| 5935 North 12th Street : | |
| Philadelphia, PA 19141 : | **JURY DEMANDED** |
|    Plaintiff, : | |
| : | No.: |
|      v. : | |
| : | |
| Delta-T Group, Inc. : | |
| 950 East Haverford Road, Suite 200 : | |
| Bryn Mawr, PA 19101 : | |
| | |
|    Defendant. | |

## COMPLAINT

Plaintiff, Tia Akeme, by and through his undersigned counsel, files this Complaint and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Tia Akeme ("Plaintiff"), is an adult individual residing 5935 North 12th Street, Philadelphia, Philadelphia County, Pennsylvania.

2. Defendant, Delta-T Group, Inc. ("Defendant"), is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with a priciple place of business located at 950 Haverford Road, Suite 200, Bryn Mawr, Montgomery County, Pennsylvania.

3. At all times material hereto, Defendant qualifies as Plaintiff's employer pursuant to the definitions of employer under Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and Section 1981 of the Civil Rights Act.

4. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

1

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and Pennsylvania Human Relations Act as more than one year has passed since her initial administrative filing. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, Section 1981 of the Civil Rights Act and applicable federal and state law.

7. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

## II. FACTS

10. On or about January 28, 2018, Defendant hired Ms. Akeme as a Staffing Coordinator Assistant.

11. In her role as a Staffing Coordinator Assistant, Ms. Akeme's compensation from Defendant was based on commission.

12. Therefore, Ms. Akeme's compensation was directly related to the relationship she had with Defendant's customers as well as Defendant's relationship it has with its customers.

13. At all times material hereto, Plaintiff was qualified for her position with the Defendant and performed her work without any complaint or issue up until the time she began making complaints of harassment and discrimination.

14. At all times material hereto, Ms. Akeme was supervised by Glenna Sheard, who upon information and belief, is Caucasian.

15. On or about September 14, 2019, Ms. Akeme was called a "black ass by Ms. Sheard.

16. Ms. Sheard also told Ms. Akeme that she was "real black."

17. Additionally, Ms. Sheard often confused Ms. Akeme with her co-workers simply because they were African American women.

18. On or about October 2, 2019, Ms. Akeme complained of numerous discriminatory and racist comments made by Ms. Sheard to the Defendant's Human Resources Department.

19. Immediately following Ms. Akeme's complaints, Defendant transferred Ms. Akeme's workstation next to the workstation of Ms. Sheard.

20. Additionally, Ms. Akeme's most profitable book of business was taken from her and given to a less experienced employee of the Defendant.

21. Defendant gave Ms. Akeme two other clients, however, it was well known by the Defendant that both of these clients were to be terminating their contracts with the Defendant in the near future because of the poor relationship that Defendant had with those clients prior to Ms. Akeme assuming the accounts.

22. Therefore, Defendant proactively engaged in behavior that would result in Ms. Akeme earning lower wages.

23. Defendant also began to require Ms. Akeme attend meetings to discuss alleged workplace issues involving Ms. Akeme.

24. After the meetings, Defendant would send Ms. Akeme emails to "memorialize" the content of discussion.

25. Following her review of the emails she received, Ms. Akeme would often be "misquoted" in those emails, to which she would reply to and explain what she recalled during the meetings.

26. Defendant's retaliation became so severe that Ms. Akeme took off from work for two (2) days in order to recover from the stress Defendant was causing her.

27. On or about November 1, 2019, the Defendant terminated Ms. Akeme's employment.

28. When Ms. Akeme asked for a reason for her termination, Defendant replied that it "just wasn't working out."

29. Upon information and belief, Defendant terminated Ms. Akeme's employment as in retaliation for her complaints of discrimination.

30. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RACE DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

31. Ms. Akeme incorporates paragraphs 1-30 as if fully set forth at length herein.

32. Defendant took adverse action against Ms. Akeme by discriminating against her as set forth above and terminating her employment.

33. Ms. Akeme's status as an African American places her in a protected class.

34. Ms. Akeme's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Akeme and terminate her employment.

35. As such, Defendant's decision to discriminate against Ms. Akeme and to terminate her employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

36. As a proximate result of Defendant's conduct, Ms. Akeme sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Akeme has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

37. As a result of the conduct of Defendant's owners/management, Ms. Akeme hereby demands punitive damages.

38. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Ms. Akeme demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

39. Ms. Akeme incorporates paragraphs 1-38 as if set forth more fully at length herein.

40. As set forth above, Ms. Akeme made complaints to a Defendant's human resources department about the harassment she was receiving from her supervisor and as such, Ms. Akeme was engaged in protected activity under Title VII of the Civil Rights Act.

41. Defendant took adverse action against Ms. Akeme by moving her desk closer to her supervisor, reducing her ability to earn a living, and eventually terminating her employment.

42. As set forth above, Ms. Akeme's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

43. As such, Defendant's decision to terminate Ms. Akeme's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

44. As a proximate result of Defendant's conduct, Ms. Akeme sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Akeme has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

45. As a result of the conduct of Defendant, Ms. Akeme hereby demands punitive damages.

46. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Ms. Akeme demands attorneys' fees and court costs.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RACE DISCRIMINATION
## (43 P.S. § 955)

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on race.

49. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

50. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

51. Defendant's conduct in harassing Plaintiff and terminating Plaintiff's employment are adverse employment actions, were taken as a result of her race and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

52. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 955)

54. Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55. As set forth above, Plaintiff complained to Defendant's human resources department about the harassment and discrimination by her supervisor and as such, Plaintiff was engaged in protected activity under the Pennsylvania Human Relations Act.

56. Defendant took adverse action against Plaintiff by moving her desk closer to her supervisor, reducing her ability to earn a living, and eventually terminating her employment.

57. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

58. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

60. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT V
## DISCRIMINATION AND RETALIATION
## (42 U.S.C. § 1981)

61. Plaintiff incorporates paragraphs 1-60 as if fully set forth at length herein.

62. Plaintiff's status as an African American, places Plaintiff in a protected class.

63. As set forth above, Plaintiff complained to her supervisor regarding disparate treatment and as such, Plaintiff was engaged in protected activity Section 1981 of the Civil Rights Act.

64. Plaintiff's membership in a protected class and engaging in protected activity were motivating factors in Defendant's decision to discriminate against and ultimately terminate Plaintiff's employment.

65. Plaintiff suffered discrimination, harassment and retaliation by Defendant, as set forth above.

66. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Tia Akeme, demands judgment in his favor and against Defendant, Delta-T Group, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorney's fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: August 4, 2021			**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**ROBERT H. GRAFF, ESQUIRE (Pa Id. No.: 206233)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0138
Fax: (215) 944-6124
Email: robertg@ericshore.com
*Attorneys for Plaintiff, Tia Akeme*

# EXHIBIT "A"

EEOC Form 161-B (11/2020)    **U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION

## N**OTICE OF** R**IGHT TO** S**UE** *(I*SSUED ON *R*EQUEST*)*

| To: | Tia Akeme<br>5935 North 12th Street<br>Philadelphia, PA 19141 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2020-60932 | **Damon A. Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**N**OTICE TO THE **P**ERSON **A**GGRIEVED**:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Dana R. Hutter*

**Dana R. Hutter,**
**Deputy Director**

June 9, 2021
*(Date Issued)*

cc:   **Respondent:**

**DELTA-T GROUP, INC.**
**950 Haverford Road**
**Suite 200**
**Bryn Mawr, PA 19010**

**For Charging Party:**

Robert H. Graff
Law Office of Eric A. Shore
Via email: